SHAWNEE RECEIVED AUG 2 2012 HEALTH SERVICE

Duplicate

## FIRST ALIAS SUMMONS

IN THE NAME OF THE PEOPLE OF THE STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, WILLIAMSON COUNTY, ILLINOIS

| | | |
|---|---|---|
| KAREN COWELL, Plaintiff, | ) | No.: 12 L 135 |
| vs. | ) | Please serve: (see attached Service List) |
| MARION REHABILITATION AND NURSING CENTER Defendant | ) | |
| and HEARTLAND REGIONAL MEDICAL CENTER, CRAIG FURY, M.D., RANDALL PASS, M.D., SHAWNEE HEALTH CARE, GOWDA SHARATH, M.D., PATTI MARTIN, CNP, TODD ENGDAHL, M.D. CHETHANA SHARATH, M.D. and STEVE YOUNG, M.D., Respondents in Discovery. | ) 3411 ) ) ) ) ) ) ) ) | PRof Park DR, Marion |

To each of the above-named defendants:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS, STUART HALL, Clerk of said

Circuit Court, and the seal thereof at Marion, Illinois

this ___7/27___, 2012.

SEAL OF COURT

_Stuart Hall_

Plaintiff's Attorney: J. Matthew Dudley #6217562
Dudley & Lake LLC
100 E. Cook Ave., 2nd Floor
Libertyville, IL 60048
(847) 362-5385

Date of Service: _____
(To be inserted by officer on copy left with defendant or other person.)

Exhibit A

Service list to Summons

Re:  Cowell v. Marion Rehabilitation

Randall Pass, M.D.
3411 Professional Park Dr.
Marion, IL 62959

Shawnee Health Care
Thru registered agent:
Patsy R. Jensen
109 California St
Caterville, IL 62918

Patti Martin, CNP
c/o Hartland Regional Medical Center
3333 W. Deyoung Street
Marion, IL 62959

Todd Engdahl, M.D.
Emergency Dept
Heartland Regional Medical Center
3333 W. Deyoung Street
Marion, IL 62959

Chethana Sharath, M.D. (family practice)
c/o Hartland Regional Medical Center
3331 W. Deyoung Street
Marion, IL 62959

Gowda Sharath, M.D.
Internal Medicine
3331 W. Deyoung Street
Marion, IL 62959

Steve Young, M.D.
510 Lincoln Dr
Herrin, IL 62948



IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

| | |
|---|---|
| KAREN COWELL, ) | |
| Plaintiff, ) | |
| vs. ) | No.: 12 L 135 |
| MARION REHABILITATION AND ) | |
| NURSING CENTER, ) | |
| Defendant ) | |
| and ) | |
| HEARTLAND REGIONAL MEDICAL ) | FILED |
| CENTER, CRAIG FURY, M.D., ) | JUL 27 2012 |
| RANDALL PASS, M.D., SHAWNEE ) | Stuart Nall |
| HEALTH CARE, ) | CLERK OF THE CIRCUIT COURT |
| GOWDA SHARATH, M.D., ) | |
| PATTI MARTIN, CNP, ) | |
| TODD ENGDAHL, M.D. ) | |
| CHETHANA SHARATH, M.D. and ) | |
| STEVE YOUNG, M.D., ) | |
| Respondents in Discovery. ) | |

## COMPLAINT AT LAW

### Count I – Nursing Home Care Act

Now comes the plaintiff, KAREN COWELL, by and through her attorneys, Dudley and Lake, LLC, and complaining of the Defendant Marion Rehabilitation and Nursing Center (hereinafter referred to as "Marion") and in support thereof states:

1. On and before August 17, 2010 and at all times material, the defendant Marion was a rehabilitation and nursing center licensed by the Illinois Department of Public Health.

2. On or before August 17, 2010 and at all times material, the defendant Marion employed, supervised and/or controlled nurses, therapists, technicians, and other medically trained

and licensed individuals for the purpose of providing appropriate medical and personal care to its residents.

3. From August 17, 2010 through August 28, 2010, the plaintiff KAREN COWELL was admitted as a resident to the defendant Marion.

4. On and before August 17, 2010 through August 28, 2010 and at all times material, there was in full force and effect a statute in the state of Illinois, commonly known as the "Nursing Home Care Act" (hereinafter referred to as "the Act") at 210 ILCS 45/1 – 101 et seq.

5. On and before August 17, 2010 through August 28, 2010 and at all times material, the defendant Marion was a facility as defined by section 1 – 113 of "the Act" and was subject to the requirements and regulations set out in both "the Act" and by the Illinois Department of Public Health.

6. On August 17, 2010 through August 28, 2010 and during the entire time of the admission of the plaintiff KAREN COWELL as a resident at the defendant Marion, the plaintiff KAREN COWELL was entitled to be free from neglect and was to receive adequate personal and medical care so as to prevent the deterioration of her physical condition.

7. On August 17, 2010 through August 28, 2010 the medically trained staff of the defendant, Marion, knew or should have been aware the plaintiff, KAREN COWELL, had suffered severe traumatic injuries, including but not limited to, lower extremity fractures and vertebral fractures.

8. At various times during the aforementioned August admission to the defendant Marion, the plaintiff KAREN COWELL had manifestations of significant neurologic dysfunction in her saddle region including, but not limited to, the inability to empty her bladder and eventually the inability to control her bladder and her bowel movements.

9. On August 17, 2010 through August 28, 2010, the defendant Marion, as required by "the Act" had or should have had in effect certain policies, procedures, protocols and guidelines which would monitor bowel and bladder elimination in its residents.

10. On August 17, 2010 through August 28, 2010, the defendant Marion, through its agents and employees violated "the Act" in one or more the following respects

    a.) Failed to properly examine/test KAREN COWELL's genital/saddle region;

    b.) Failed to notify KAREN COWELL's physician regarding abnormal physical and neurologic exam findings;

    c.) Failed to adequately and properly monitor KAREN COWELL's bowel and bladder elimination pattern;

    d.) Failed to have proper policies, procedures and guidelines regarding the monitoring of residents with abnormal bowel and bladder elimination patterns;

    e.) Failed to notify KAREN COWELL's physician of her worsening bowel and bladder incontinence;

    f.) Allowed KAREN COWELL's neurologic assessments to be performed by individuals other than registered nurses and physicians.

11. As a direct and proximate result of one or more the aforementioned violations of "the act" the plaintiff KAREN COWELL's cauda equina syndrome went undiagnosed and untreated until such time as her neurologic injury was so severe that it was irreversible which resulted in the plaintiff's permanent inability to control bladder or bowel function.

WHEREFORE, the plaintiff, KAREN COWELL, demands judgment against the defendant, Marion Rehabilitation and Nursing Center, in an amount of money in excess of $50,000.00.

### Count II – Respondent in Discovery

NOW COMES, the plaintiff, KAREN COWELL, by and through her attorneys, DUDLEY & LAKE, LLC, and designating HEARTLAND REGIONAL MEDICAL CENTER, who is

believed to have information through its agent and/or employees essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

### Count III – Respondent in Discovery

NOW COMES, the plaintiff, KAREN COWELL, by and through her attorneys, DUDLEY & LAKE, LLC, and designating CRAIG FURY, M.D. who is believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

### Count IV – Respondent in Discovery

NOW COMES, the plaintiff, KAREN COWELL, by and through her attorneys, DUDLEY & LAKE, LLC, and designating RANDALL PASS, M.D. and SHAWNEE HEALTH CARE who are believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

### Count V – Respondent in Discovery

NOW COMES, the plaintiff, KAREN COWELL, by and through her attorneys, DUDLEY & LAKE, LLC, and designating GOWDA SHARATH, M.D. who is believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

### Count VI – Respondent in Discovery

NOW COMES, the plaintiff, KAREN COWELL, by and through her attorneys, DUDLEY & LAKE, LLC, and designating PATTI MARTIN, CNP who is believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

## Count VII – Respondent in Discovery

NOW COMES, the plaintiff, KAREN COWELL, by and through her attorneys, DUDLEY & LAKE, LLC, and designating TODD ENGDAHL, M.D. who is believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

## Count VIII – Respondent in Discovery

NOW COMES, the plaintiff, KAREN COWELL, by and through her attorneys, DUDLEY & LAKE, LLC, and designating CHETHANA SHARATH, M.D. who is believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

## Count IX – Respondent in Discovery

NOW COMES, the plaintiff, KAREN COWELL, by and through her attorneys, DUDLEY & LAKE, LLC, and designating STEVE YOUNG, M.D. who is believed to have information essential to the determination of who should properly be named as additional defendants in this action pursuant to 735 ILCS 5/402.

By: /s/ Matthew Dudley
J. Matthew Dudley

J. Matthew Dudley #6217562
Dudley & Lake LLC
100 E. Cook Avenue, 2nd Floor
Libertyville, IL 60048
(847) 362-5385
ARDC#6217562


COPY

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

| | |
|---|---|
| KAREN COWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>MARION REHABILITATION AND NURSING CENTER,<br><br>    Defendant<br><br>and<br><br>HEARTLAND REGIONAL MEDICAL CENTER, CRAIG FURY, M.D., RANDALL PASS, M.D., SHAWNEE HEALTH CARE, GOWDA SHARATH, M.D., PATTI MARTIN, CNP, TODD ENGDAHL, M.D. CHETHANA SHARATH, M.D. and STEVE YOUNG, M.D.,<br><br>    Respondents in Discovery. | No.: 12 L 135<br><br>FILED<br>JUL 27 2012<br>*Stuart Hall*<br>CLERK OF THE CIRCUIT COURT |

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Pursuant to Supreme Court Rule 222(B), counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand and 00/100 Dollars ($50,000.00).

DUDLEY & LAKE LLC

By: *J. Matthew Dudley*
    J. Matthew Dudley
    Attorney for Plaintiff

J. Matthew Dudley #6217562
Dudley & Lake LLC
100 E. Cook Avenue, 2nd Floor
Libertyville, IL 60048
(847) 362-5385

COPY

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

KAREN COWELL, )
)
Plaintiff, )
)
vs. ) No.: 12 L 135
)
MARION REHABILITATION AND )
NURSING CENTER, )
)
Defendant )
and )
)
HEARTLAND REGIONAL MEDICAL )
CENTER, CRAIG FURY, M.D., )
RANDALL PASS, M.D., SHAWNEE )
HEALTH CARE, )
GOWDA SHARATH, M.D., )
PATTI MARTIN, CNP, )
TODD ENGDAHL, M.D. )
CHETHANA SHARATH, M.D. and )
STEVE YOUNG, M.D., )
)
Respondents in Discovery. )

FILED
JUL 27 2012
Stuart Hall
CLERK OF THE CIRCUIT COURT

## JURY DEMAND

Plaintiff demands a trial by a 12 person jury.

DUDLEY & LAKE LLC

By: _____
J. Matthew Dudley

J. Matthew Dudley #6217562
Dudley & Lake LLC
100 E. Cook Avenue, 2nd Floor
Libertyville, IL 60048
(847) 362-5385